UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

ROBERT MANDELL, ET AL.,

                Plaintiffs,         06 Civ. 460 (RWS)

   -against-                    MEMORANDUM OPINION
                                        AND ORDER

THE MAXON COMPANY, INC. and
LOCAL 210 HEALTH & INSURANCE FUND,

                Defendants.

------------------------------------------x

**Sweet, D.J.**

        By letter dated July 24, 2007, Defendants The Maxon Company, Inc. and Local 210 Health Insurance Fund (the "Defendants") requested an informal conference under Local Civil Rule 37.2. This letter was treated a motion for a Protective Order quashing the Request for Production of Documents served by Plaintiff Robert Mandell (the "Plaintiff" or "Mandell") and dated July 2, 2007. For the reasons stated below, the motion will be granted in part and denied in part.

        "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

1

"[T]he party seeking discovery bears the burden of initially showing relevance." <u>Zanowic v. Reno</u>, No. 97 Civ. 5292, 2000 U.S. Dist. LEXIS 13845 at *15 (S.D.N.Y. Sep. 22, 2000).

Plaintiff has not demonstrated the relevance of any of his requests with which Defendants have not already complied, beyond the actual agreement between Multiplan and defendants (the "Multiplan Agreement"), which was ordered to be produced by the Court on June 12, 2007 (docket no. 15).

Accordingly, Defendant's motion for a protective order is granted except as to the Multiplan Agreement, which it must produce within ten days of the entry of this Order.

It is so ordered.

**New York, NY**
**October, 15 2007**

ROBERT W. SWEET
U.S.D.J.

2